UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 16 CR 17-DLH |
| v. | ) | |
| | ) | DEFENDANT'S RESPONSE TO |
| RED FAWN FALLIS, | ) | GOVERNMENT'S MOTIONS |
|     Defendant. | ) | IN LIMINE |

The Defendant, Red Fawn Fallis, by her counsel, hereby submits the following Response to the government's Motions in Limine [Dkt. 152] to (1) restrict Ms. Fallis from offering "irrelevant information" during trial; (2) preclude Lakota witnesses from swearing an oath of truthfulness in accordance with traditional native practices; and (3) present a defense of necessity.

1. **In the Eighth Circuit, admission of evidence relevant to the elements of lawful performance and/or lawful engagement of law enforcement officers is relevant and proper in Civil Disorder cases.**

The Government seeks to bar any evidence relating to treaty rights of the Lakota Sioux. In short, in this case treaty rights are relevant and admissible to the extent that they bear upon the twin elements of lawfulness—lawful engagement and lawful performance—that the Government must prove beyond a reasonable doubt.[1] The Government's motion misapprehends the breadth of the civil disorder statute and what is admissible thereunder. Thus, this response seeks to help clarify the statute's full scope.

"Title 18 U.S.C. § 231(a)(3) presents the peculiar requirement that the prosecution prove beyond a reasonable doubt that a law enforcement officer or law enforcement officers were 'lawfully' engaged in the 'lawful' performance of official

---

[1] This response seeks to address issues relating to the Government's motions in limine. This is not a formal jurisdictional challenge and waives no such issue here.

duties." *United States v. Jaramillo*, 380 F. Supp. 1375, 1378 (D. Neb. 1974), *aff'd*, *United States v. Jaramillo*, 510 F.2d 808, 809-10 (8th Cir. 1975) (sustaining trial court's acquittal based on finding that government failed to prove beyond a reasonable doubt that law enforcement officers were "*lawfully engaged* in the *lawful performance*" of their official duties due to evidence of unlawful military involvement in Wounded Knee) (emphasis added).

Lawful engagement and lawful performance are two separate, integral elements that require different proof. *United States v. Jaramillo*, 510 F.2d at 810 ("'[L]awful engagement' and 'lawful performance' were essential elements of the government's case and had to be proved by it."); *United States v. Banks*, 383 F. Supp. 368, 376 (D.S.D. 1974) ("'[L]awful engagement' is an integral element" of section 231(a)(3)). Lawful performance means that "law enforcement officers were performing their official duties lawfully," *United States v. Red Feather*, 392 F. Supp. 916, 920 (D. S.D. 1975), whereas lawful engagement goes to the overarching lawfulness of governmental activity. *See Banks*, 383 F. Supp. at 376 (finding the Government failed to meet its burden as to lawful engagement wherein the governmental unlawfully used a posse comitatus).

As to lawful engagement, the law enforcement operation must itself be lawful. "[T]he actual statutory language of 231(a)(3) requires that the law enforcement officers involved be 'lawfully engaged', and not merely engaged." *Banks*, 383 F. Supp. at at 374.

As to lawful performance, any evidence that "law enforcement officers violated the defendant's constitutional rights, for example, violation of the Fourth, Fifth or Sixth Amendments in the manner of arrest or search or in any other stage, is clearly relevant and material to this element of the offense." *Red Feather*, 392 F. Supp. at 920 (D.S.D. 1975). "It is fundamental that if the law enforcement officers performed official duties

2

such as arrest and search in violation of the defendants' constitutional rights, the law enforcement officers would clearly not be performing their official duties lawfully." *Id.*

Moreover, evidence of statutory violations by law enforcement—individually or operationally—is admissible, relevant, and material where because it can disprove an element of unlawfulness. *See Red Feather*, 392 F. Supp. at 925. While Ms. Fallis has no burden of proof or persuasion, a defendant has the right to "choose to adduce evidence at trial to contradict the government's proof in an effort to prevent the government from proving this element beyond a reasonable doubt." *Id.* at 920.

Thus, evidence regarding historic treaty agreements may be relevant to the charge of Civil Disorder insofar as such bears on the lawfulness of law enforcement activity. Similarly, evidence of law enforcement's illegal coordination with unlawfully-operating private security companies, the unlawfulness of the eviction order, or the unlawfulness of Ms. Fallis' seizure are material, relevant, and admissible to demonstrate that law enforcement was not lawfully engaged in the lawful performance of its duties.

Importantly, Ms. Fallis need not show conclusively that law enforcement's operation on October 27, 2016 was unlawful; rather, the burden is on the government to prove the lawfulness of law enforcement activity beyond a reasonable doubt. *Jaramillo*, 380 F. Supp. at 1381. Whether or not this Court personally agrees with the conclusion that law enforcement actions on October 27, 2016 were unlawful, Ms. Fallis is constitutionally entitled to present this statutory-based defense to the jury. To the extent that the Court believes that, as a matter of law, such evidence is inadmissible, the Defendant respectfully requests an opportunity to further elucidate this matter through the submission of additional exhibits, as well as written and oral argument.

2. **No unnecessary delay or prejudice would stem from any traditional oath-taking process.**

As to the second of the Government's motions in limine, such a motion is both unnecessary and misplaced. At present, the defense does not know whether any witness will seek to take an oath in a traditional Lakota manner. Should a witness wish to take their oath in such a fashion, they will bring any necessary implements with them as they approach the Court; there is no need for any theoretical delay. Indeed, if expeditiousness of trial was a central concern of the government, surely it would not have provided the defense with a 32-person witness list. Cumulative testimony is a far greater risk to delay of trial then a simple oath-taking process. Nevertheless, First Amendment protected religious practice must take precedence over concerns about consistency and expediency. Courts have an interest in facilitating whatever process would make a witness feel committed to and exalt the very serious oath to tell the truth.

3. **Necessity Defense.**

Ms. Fallis does not intend to present a necessary defense at trial.

Dated:       January 5, 2018               Respectfully Submitted,

BRUCE ELLISON                               JESSIE A. COOK
Law Office of Bruce Ellison                 Law Office of Jessie Cook
P.O. Box 2508                               400 Wabash Ave, Ste. 212
Rapid City, SD 57709                        Terre Haute, IN 47807
(605) 348-1117                              (812) 232-4634
belli4law@aol.com                           jessieacook@icloud.com


MOLLY ARMOUR                                **Attorneys for Red Fawn Fallis**
Law Office of Molly Armour

4050 N. Lincoln Avenue                      By:   /s/ Molly Armour
Chicago, IL 60618                           Molly Armour
(773) 746-4849
armourdefender@gmail.com

4

## CERTIFICATE OF SERVICE

      The undersigned Counsel of Record for Defendant Red Fawn Fallis hereby certifies that a true and accurate copy of the above and foregoing document has been served on the Office of the United States Attorney this 5th day of January 2018. Parties may access this filing through the Court's system.

                                              /s/ Molly Armour
                                              Molly Armour