UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | No. 16 CR 17-DLH |
| | ) | |
| v. | ) | DEFENDANT'S RESPONSE TO |
| | ) | GOVERNMENT'S PROPOSED |
| | ) | JURY INSTRUCTIONS AND |
| RED FAWN FALLIS, | ) | DEFENDANT'S MODIFIED |
|     Defendant. | ) | JURY INSTRUCTIONS |

NOW COMES the defendant Red Fawn Fallis, by and through her attorneys, and responds to the government's Proposed Jury Instructions 1 – 8 as follows.

A. The defendant has no objection to the government's Proposed Instructions 4 – 8 to the extent that they represent Pattern Instructions from the Manual of Model Criminal Jury Instructions for the Eighth Circuit (2014 ed.).

B. The defendant has submitted herewith proposed Modified Instructions 1, 4 and 5, representing modifications of her previously submitted elements instructions and modifications of the government's Proposed [elements] Instructions 1, 2 and 3.

1. <u>Defendant's Proposed Modified Instruction 1</u> is the Civil Disorder elements instruction. There is no Pattern Instruction for the crime of Civil Disorder. The Proposed Instructions by each party are similar with the following differences:

    a. The defendant's proposed elements' instruction contains five, rather than four, elements. Based upon caselaw in the Eighth Circuit, the defendant has separated the phrase "one or more law enforcement officers were lawfully engaged in the lawful performance of their official duties incident to and during the commission of such civil disorder" into two elements to clarify for the jury the fact that they must find both that the officers were "lawfully engaged" in their duties and that the performance of those

duties was itself lawful.[1] *United States v. Jaramillo*, 510 F.2d 808, 810 (8th Cir. 1975) (finding that both "lawful engagement" and "lawful performance" were essential elements that the government was required to prove); *United States v. Red Feather*, 392 F. Supp. 916, 923-25 (D. S. D. 1975); *United States v. Banks*, 383 F. Supp. 368, 376 (D.S.D. 1974) ("'[L]awful engagement' is an integral element" of section 231(a)(3)).

      b.    The defendant has proposed that the definitions of "civil disorder" and "commerce," both defined in 18 U.S.C. § 232, be included as separate instructions, much as the Pattern Instructions from the Manual of Model Criminal Jury Instructions for the Eighth Circuit (2014 ed.) define "words of art" such as "agreement," "enterprise," "conduct/participation," etc. [6.18.1962C, D, E] so as to simplify the instructions for the jury.

      c.    The defendant has proposed that the Civil Disorder Instruction, like the remaining elements instructions, also contain this instruction:

> "If you find each of these five elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count One. If you fail to find any one of these five elements unanimously and beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count One."

2.    <u>Defendant's Proposed Modified Instruction 4</u> is the elements instruction for Count Two. The Proposed Instructions by each party are similar with the following differences:

      a.    The defendant's elements reference "the crime of Civil Disorder" rather than "civil disorder" so as to distinguish civil disorder, a public disturbance as

---

[1] Section 1 to the Defendant's Response to the Government's Motions in Limine [Dkt. 152] further discusses the intricacies of these aspects of the civil disorder statute.

defined elsewhere in the instructions, from Civil Disorder, a crime prohibited by 18 § U.S.C. 231.

        b.      The defendant's proposed instruction includes the phrase:

"If you find each of these two elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count Two. If you fail to find either of these elements unanimously and beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count Two."

The government's Proposed Instruction 2 omits the second sentence advising the jury of their obligation to acquit if they fail to find either element unanimously and beyond a reasonable doubt.

        c.      The defendant's Proposed Modified Instruction 4 includes among the considerations listed for a determination as to whether a firearm was knowingly carried and the ownership of the firearm.

        d.      The defendant's Proposed Modified Instruction 4 clarifies the requirement that the jury must find that the firearm was "knowingly" used or carried and, therefore, includes the "knowing" element in the descriptions of "used" and "carried."

        e.      The defendant's Proposed Modified Instruction 4 includes the requirement that the jury must find the defendant not guilty if they fail to find, unanimously and beyond a reasonable doubt, that the elements are not proven along side the "requirement" that they must find the defendant guilty if they find, unanimously and beyond a reasonable doubt, that the elements are proven. The defendant's proposal also contains instruction as to how the jurors will endorse their findings on the verdict form.

        3.      <u>Defendant's Proposed Instruction 5</u> is a modification of government's proposed jury instruction 3 including the requirement that the jury must find the

3

defendant not guilty if they fail to find, unanimously and beyond a reasonable doubt, that the elements of the crime of Felon in Possession of a Firearm or Ammunition are proven in addition to the "requirement" that they must find the defendant guilty if they find, unanimously and beyond a reasonable doubt that the elements are proven.

    4.      The Defendant reserves the right to submit additional instructions before, during trial, or before closing argument.

Dated: January 5, 2018                                            Respectfully submitted,

BRUCE ELLISON                                                    JESSIE A. COOK
Law Office of Bruce Ellison                                      Law Office of Jessie A. Cook
P.O. Box 2508                                                    400 Wabash Ave, Ste. 212
Rapid City, SD 57709                                             Terre Haute, IN 47807
(605) 348-1117                                                   (812) 232-4634
belli4law@aol.com                                                jessieacook@icloud.com


MOLLY ARMOUR
Law Office of Molly Armour                   By:   /s/ Jessie A. Cook
4050 N. Lincoln Avenue                              Jessie A. Cook
Chicago, IL 60618
(773) 746-4849
armourdefender@gmail.com

Attorneys for Red Fawn Fallis

**Defendant's Modified Proposed Instruction No. 1**

CIVIL DISORDER[2] [18 U.S.C. 231(a)(3)]

The crime of Civil Disorder, as charged in Count One of the Indictment, has five essential elements, which are:

*One,*   a civil disorder existed at the time the defendant was arrested;

*Two,*   such civil disorder in any way or degree obstructed, delayed and adversely affected commerce and the movement of any article or commodity in commerce;

*Three,* one or more law enforcement officers were lawfully engaged in the performance of their official duties incident to and during the commission of such civil disorder;

*Four,*  such officer(s) performed their the official duties lawfully; and

*Five,*  the defendant willfully and knowingly committed or attempted to commit any act for the intended purpose of obstructing, impeding, or interfering, either by herself or with someone else, with such law enforcement officer or officers.

If you find each of these five elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count One. If you fail to find any one of these five elements unanimously and beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count One.

Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 3.09 (Elements) (modified).

*United States v. Mechanic*, 454 F.2d 849, 854 (8th Cir. 1971).

*United States v. Red Feather*, 392 F. Supp. 916, 923-925 (D. S. D. 1975).

---

[2] No pattern instruction exists as to the offense of Civil Disorder.

**Defendant's Proposed Instruction No. 2**

CIVIL DISORDER[3]

The term "civil disorder" means any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

18 U.S.C. § 232(1).

---

[3] No pattern instruction exists as to the definition of civil disorder.

**Defendant's Proposed Instruction No. 3**

COMMERCE[4]

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

---

[4] No pattern instruction exists as to the definition of commerce.

**Defendant's Modified Proposed Instruction No. 4[5]**

USING OR CARRYING A FIREARM IN RELATION TO
A FELONY CRIME OF VIOLENCE[6]

The crime of using or carrying a firearm in furtherance of a crime of violence, as charged in Count Two of the Indictment, has two elements, which are:

*One,*   the defendant committed the crime of Civil Disorder as charged in Count One; and

*Two,*   the defendant knowingly used or carried a firearm during and in relation to the crime of Civil Disorder.

If you find each of these two elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count Two. If you fail to find either of these elements unanimously and beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count Two.

In considering the elements of Using or Carrying a Firearm during and in relation to the crime of Civil Disorder, you may consider the following:

> The phrase "used a firearm" means that the firearm was actively employed in the course of the commission of the crime of Civil Disorder. You may find that a firearm was used during the commission of the crime of Civil Disorder if you find that it was knowingly displayed, brandished or fired during that crime.

> You may find that the firearm was "carried" during the commission of the crime of Civil Disorder if you find that the defendant knowingly had a firearm on her person.

---

[5] By tendering this instruction, the defendant does not waive the argument that Civil Disorder does not constitute a felony crime of violence for purposes of 18 U.S.C. § 924(c) and affirmatively asserts that Civil Disorder is not a crime of violence as defined in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny.

[6] No pattern instruction exists as to the offense of Using or Carrying a Firearm in Relation to a Crime of Violence.

You may consider all of the facts received in evidence in the case including the nature of the civil disorder alleged, the proximity of the defendant to the firearm in question, the ownership of the firearm, the usefulness of the firearm, if any, to the crime alleged, and the circumstances surrounding the presence of the firearm.

Discharging of the Firearm:

If you have found the defendant not guilty of Count Two, you should disregard the remainder of this jury instruction and proceed to Jury Instruction No. ___.

However, if you have found the defendant guilty of Count Two, you may go on to decide if she discharged the firearm during and in relation to the civil disorder. You may find that the defendant discharged the firearm during and in relation to the civil disorder, whether she did so on purpose or by accident.

If you find unanimously and beyond a reasonable doubt that the defendant discharged a firearm during and in relation to the civil disorder, record your finding [on paragraph one] of the verdict form.

If you do not find unanimously and beyond a reasonable doubt that the defendant discharged a firearm during and in relation to the civil disorder, record your finding [on paragraph two] of the verdict form.

18 U.S.C. 924(c)(1)(a); 18 U.S.C. 231(a)(3).

Model Criminal Jury Instructions for the District Courts of the Eighth Circuit 3.09 (Elements) (modified).

18 U.S.C. § 232(2).

**Defendant's Proposed Instruction No. 5**

FELON IN POSSESSION OF A FIREARM OR AMMUNITION

The crime of felon in possession of a firearm or ammunition, as charged in Count Three of the indictment, has three essential elements, which are:

*One*,   the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*,   after that, the defendant knowingly possessed at least one of the following firearm or ammunition –
- a Ruger, model LCR, .38 Special revolver, bearing Serial Number 543-47899; or
- Federal brand .38 caliber ammunition; and

*Three*,   the firearm or ammunition was transported across a state line at some time during or before the defendant's possession of it.

With respect to Element Two, you are only required to find that the defendant possessed one of the items listed. You may find she possessed more than one of the items. However, you must be unanimous as to which item or items she possessed.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of felon in possession of a firearm or ammunition. If you fail to find any one of these elements unanimously and beyond a reasonable doubt, then you must find the defendant not guilty of the crime charged in Count Three.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, Instr. 6.18.922(A) (2014 revised ed.).

## CERTIFICATE OF SERVICE

      The undersigned Counsel of Record for Defendant Red Fawn Fallis hereby certifies that a true and accurate copy of the above and foregoing document has been served on the Office of the United States Attorney this 5th day of January 2018. Parties may access this filing through the Court's system.

      /s/ Jessie A. Cook
      Jessie A. Cook