IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REDFAWN FALLIS,<br>a/k/a REDFAWN JANIS,<br>a/k/a REDFAWN X. MARTIN,<br><br>Defendant. | Case No. 1:17-cr-16<br><br>**PLEA AGREEMENT** |

The parties agree this Plea Agreement shall be filed as part of the Court record and that the agreement contains provisions governed by Rule 11(c)(1)(A), (B), and (C) of the Federal Rules of Criminal Procedure, as set forth herein. The United States, by its attorneys, Christopher C. Myers, United States Attorney for the District of North Dakota, and David D. Hagler, Assistant U.S. Attorney, the Defendant, REDFAWN FALLIS, a/k/a REDFAWN JANIS, a/k/a REDFAWN X. MARTIN, and her attorneys, Bruce Ellison, Jessie A. Cook, and Molly Armour, hereby agree to the following:

1. Defendant acknowledges the Superseding Indictment charges violations of:

COUNT ONE: 18 U.S.C. §§ 231(a)(3) and 2 (civil disorder);

COUNT TWO: 18 U.S.C. §§ 924(c)(1)(A) and 2 (discharge of a firearm in relation to a felony crime of violence); and

COUNT THREE: 18 U.S.C §§ 922(g)(1) and 924(a)(2) (possession of a firearm and ammunition by a convicted felon).

Defendant's attorney has fully explained the charges to Defendant and she fully understands the nature and elements of the charged crimes.

2. Defendant and the attorneys for the Defendant acknowledge that the Defendant has been apprised of all plea offers made by the United States and knowingly and intelligently accepts the terms of this Plea Agreement.

3. Defendant will voluntarily plead guilty to Count One (civil disorder) and Count Three (possession of a firearm and ammunition by a convicted felon) of the Superseding Indictment.

4. At sentencing, the United States will move to dismiss Count Two (discharge of a firearm in relation to a felony crime of violence).[1] The State of North Dakota, by and through the Morton County States Attorney's Office has agreed that they will not reinstate or pursue any charges against the Defendant relating to her conduct in Morton County on October 27, 2016. The United States will also move to dismiss the Forfeiture allegation as Defendant claims no interest in the firearm or ammunition.

5. The Court's refusal to accept only the Rule 11(c)(1)(A)[2] and (C)[3] aspects of the Plea Agreement shall give Defendant the right to withdraw her guilty plea and shall give the United States the right to withdraw from this Plea Agreement.[4]

6. Defendant will plead guilty because she is in fact guilty of the charges. In pleading guilty, Defendant acknowledges that:

---

[1] See Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure (plea agreement may specify that an attorney for the government will not bring, or will move to dismiss, other charges).
[2] See paragraph 4 of this Plea Agreement.
[3] See paragraph 8 of this Plea Agreement.
[4] See Rule 11(c)(5) of the Federal Rules of Criminal Procedure.

2

COUNT ONE: Civil Disorder:

(a) In mid-2016, Dakota Access, LLC, a division of Energy Transfer Partners, of Houston, Texas, began construction of the Dakota Access Pipeline that was to transport oil from North Dakota to Illinois. During the Summer of 2016, demonstrations against the pipeline began in Morton County, North Dakota near the planned construction site on lands many Native Americans considered sacred.

(b) On October 27, 2016, law enforcement officers were deployed to remove numerous individuals from a location where protesters had erected a protest camp and to remove them from Highway 1806.

(c) During that operation, some individuals within the camp committed acts of civil disorder as defined in 18 USC § 232(1), in that three or more persons, acting in concert, committed acts of violence that caused an immediate danger of damage to the property of other individuals and, by doing so, their conduct delayed the construction of the Pipeline.

(d) The Defendant became aware of the conduct of the protesters and the law enforcement officers. She knowingly went to the protest site on October 27, 2016. She acted to interfere with the actions of the law enforcement officers.

(e) The Defendant acknowledges that her conduct satisfies all the elements of 18 U.S.C. §§ 231(a)(3) and 2.

COUNT THREE: Possession of a Firearm and Ammunition by a Convicted Felon

(a) Defendant has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, as set forth in the Superseding Indictment, that is, Accessory to Crime, in Arapahoe County District Court, Colorado, on December 1, 2003. This felony conviction prohibits Defendant from lawfully possessing a firearm and ammunition during the time frame alleged in the Superseding Indictment.

(b) On or about October 27, 2016, Defendant knowingly possessed one Ruger, model LCR, .38 Special revolver, bearing serial number 543-47899, and Federal brand .38 caliber ammunition in Morton County, North Dakota.

(c) The firearm and the ammunition were manufactured outside of the State of North Dakota and were transported into the State of North Dakota, thus traveling in interstate commerce.

(d) Defendant acknowledges that her conduct satisfies all the elements of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (possession of a firearm and ammunition by a convicted felon) as alleged in Count Three of the Superseding Indictment and that this court has jurisdiction over this matter.

7. Defendant understands that the offenses to which she will plead guilty carry the following maximum penalties:

|  | Count 1 | Count 3 |
| --- | --- | --- |
| Imprisonment | 5 years | 10 years |
| Fine | $250,000 | $250,000 |
| Supervised Release | 3 years | 3 years |
| Special Assessment | $100 | $100 |

8. The binding nature of this Plea Agreement, pursuant to Rule (c)(1)(C)[5] of the Federal Rules of Criminal Procedure, is the parties agree that if the Court sentences the Defendant to a total sentence of more than 10 years of imprisonment, the terms of this Plea Agreement shall give Defendant the right to withdraw her guilty plea and shall give the United States the right to withdraw from this Plea Agreement.

9. Defendant understands that by pleading guilty she surrenders rights, including the right to a speedy public jury trial and related rights as follow:

(a) A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(b) If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(c) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and

---

[5] See Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (such a recommendation or request binds the Court once the Court accepts the plea agreement).

4

other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(d)     At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify

10.     Defendant understands that by pleading guilty she is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of her waiver.

11.     The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, Guidelines Manual, (Nov. 2016) (USSG). Defendant understands that the U.S. Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.

12.     There is no agreement regarding which sentencing guideline section(s) apply (other than an acceptance reduction as outlined in paragraph 13) and the parties are free to advocate for sentencing guideline calculations they deem appropriate, with the following exceptions:[6]

(a)     Regarding Count One (Civil Disorder), the United States will not recommend application of USSG § 2A2.1 (attempted murder).

---

[6] See Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure (attorney for the government may recommend, or agree not to oppose the Defendant's request, that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the Court).

(b) Regarding Count Three (Possession of a Firearm and Ammunition by a Convicted Felon), the parties agree that the applicable Guideline section is USSG § 2K2.1. The United agrees it will not recommend an offense level enhancement for stolen gun pursuant to § 2K2.1(b)(4).

13. At sentencing, the United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG 3E1.1(a)). If the total offense level is 16 or greater, the United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of her intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)). The United States reserves the right to withdraw these recommendations if Defendant fails to cooperate fully, completely, and truthfully in the presentence investigation process.

14. There is no agreement regarding specific sentencing recommendations and the parties may recommend any sentence, including any departure or variance from the sentencing guideline range that they deem appropriate. The United States agrees, however, that it will not recommend a total sentence of imprisonment of more than seven (7) years; will not recommend a fine; and will not recommend an order of restitution.

15. Neither the Court nor the Probation Office is a party to the Plea Agreement. The Court is free to impose the maximum penalties provided by law (within the parameters set forth in paragraph 8 of this Plea Agreement) and may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure.

16. Defendant acknowledges and understands that if she violates any term of this Plea Agreement, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, the U.S. will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the U.S., and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers, or to the Court, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

17. Defendant and Defendant's attorneys acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

18. **Appeal Waiver.** Defendant waives the right to appeal the conviction and the Court's entry of judgment, including an appeal of any motions, defenses, probable cause determinations, and objections asserted in this case. Defendant also waives any right to appeal the sentence under Title 18, United States Code, Section 3742(a). Expressly excluded from this waiver of appeal is Defendant's right to appeal a sentence imposed as a result of an incorrect application of the sentencing guidelines; and any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the Court at the sentencing hearing. Defendant agrees to waive any right to contest the conviction and sentence in any post-conviction proceeding pursuant to 28 USC § 2255, with

the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 USC § 2255(f)(3) premised on a right newly recognized by the United States Supreme Court. By signing this Plea Agreement, the Defendant further specifically waives Defendant's right to seek to withdraw her plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement.

19. The attorneys for the parties agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

(REST OF PAGE INTENTIONALLY LEFT BLANK)

20. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorneys have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

CHRISTOPHER C. MYERS
United States Attorney

Dated: 1-22-18     By: _____
                       DAVID D. HAGLER
                       Assistant United States Attorney

Dated: 1.21.18    _____
                   REDFAWN FALLIS
                   Defendant

Dated: 1/21/18    _____
                   BRUCE ELLISON
                   Attorney for Defendant

Dated: 1/21/18    _____
                   JESSIE A. COOK
                   Attorney for Defendant

Dated: 1/21/18    _____
                   MOLLY ARMOUR
                   Attorney for Defendant

9